**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **Shaun Bentley Lucas,** <br><br> Petitioner, <br><br> v. <br><br> **NEDRA CHANDLER, Warden, Dixon Correctional Center,** <br><br> Respondent. | Case No. 11 C 9111 <br><br> Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Shaun Bentley Lucas' (hereinafter, the "Petitioner" or "Lucas") Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the Petition is denied.

**I. BACKGROUND**

In April 1999, Lucas entered into a negotiated plea agreement in the Circuit Court of Cook County, Illinois, to one count of predatory criminal sexual assault stemming from a sexual relationship he had with a minor. Pursuant to that agreement, the trial court imposed a twelve-and-a-half year sentence. In addition, the Court admonished Lucas that he would also be subjected to three years of mandatory supervised release ("MSR"):

> The nature of the charge, the age of the complainant, and your age, makes this a Class X felony under Illinois law. It's a minimum of 6 years to a maximum of 30 years in

> the state penitentiary, a nonprobational offense. ***After you serve the penitentiary sentence there's something called [MSR], it's commonly known as parole. And that would be for 3 years. That's the penalty of what could happen in terms of the maximum penalty.***

ECF No. 1 at PageID #12-13 (emphasis added). Lucas acknowledges in his Petition that he received this admonishment. *Id.* at PageID #8 ("[The court] explained that 3 years of mandatory supervised release [MSR], commonly known as parole, could happen.").

Lucas later sought to withdraw his guilty plea on the grounds it was coerced. The trial court denied Lucas' petition to do so, and on November 20, 2000, the Illinois Court of Appeals rejected his arguments and affirmed his conviction and sentence. Lucas did not file a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court.

In November 1999, Lucas filed a postconviction petition pursuant to 725 Ill. Comp. Stat. 5/122-1, *et seq.*, in Illinois state court claiming that the statute establishing the sentencing range for his crime violated the Illinois Constitution's single-subject rule. The Illinois trial court dismissed that petition on February 15, 2000, and it appears that Lucas did not appeal that decision.

Ten years later, in March 2009, Petitioner filed another petition in Illinois state court, this time for relief from judgment pursuant to 735 Ill. Comp. Stat. 5/2-1401. In that petition, he attacked his MSR term on several grounds, including:

(1) the addition of the MSR term violated his due process rights; (2) the trial court's admonition regarding the MSR term was ambiguous; (3) the imposition of MSR constituted double jeopardy and a breach of contract law. The Illinois trial court denied that petition in May 2009, and Lucas appealed, again arguing that the addition of the three-year MSR term to his negotiated sentence violated due process. In May 2011, the Illinois appellate court affirmed the trial court's denial of relief from judgment.

Lucas then filed a PLA in the Illinois Supreme Court on in August 2011, again arguing that his sentence was vague, the MSR term violated his rights under the state and federal constitutions, and that the trial court's admonitions regarding MSR led him to believe he could earn up to a three year early release from prison. The Illinois Supreme Court denied Lucas' PLA on November 30, 2011.

Lucas then filed his *habeas* Petition in this Court on December 17, 2011. In it, he alleges three grounds for relief: (1) that he was not informed by the trial court that he would be subject to a three-year MSR term as part of his negotiated sentence; (2) that the MSR term is void because it was imposed by prison officials without a judicial hearing; and (3) that despite the state court rulings, he is entitled to the benefit of his plea bargain. Lucas' MSR term expired on January 20, 2012, just a month after he filed the present *habeas* Petition. Respondent answered the Petition on March 29, 2012. Lucas did not reply.

## II. ANALYSIS

Respondent claims that Lucas' Petition must fail for three reasons. First, Respondent argues that Lucas' Petition is moot. Second, he claims that it is untimely. Third, he claims that Lucas' MSR contentions are meritless.

### A. Lucas' Petition Is Not Moot

Lucas' MSR term ended in January 2012. Respondent argues that because his MSR term has already concluded, Lucas' Petition is moot because the Court cannot grant him the only relief he seeks: the elimination of, or a reduction in length of, his MSR term. *See, e.g., Kashula v. Manier,* Civ. No. 08—413-MJR-CJP, 2010 U.S. Dist. LEXIS 50003 at *3 (S.D. Ill. Apr. 30, 2010) (finding that because petitioner attacked only the validity of an MSR term that "has expired, there is no relief that this Court could give to Petitioner, and the case is moot"). However, the "collateral consequences" doctrine provides an exception to the mootness doctrine.

"The Supreme Court has held that the 'collateral consequences' that flow from a criminal conviction, such as the loss of certain civil rights, transforms a case that would be moot into an otherwise justiciable controversy.'" *United States v. Chavez-Palacios,* 30 F.3d 1290, 1293 n.3 (10th Cir. 1994) (citing *Sibron v. New York,* 392 U.S. 40, 49 (1968)) (finding appellant's appeal not moot because it could affect a two-year term of supervised

release). Respondent argues that "petitioner has not identified any collateral consequences of the expired MSR term that would prevent this case from becoming moot." Resp't Answer at 8, ECF No. 14.

Although the *pro se* Petitioner did not use the specific phrase "collateral consequence" in his Petition, he has listed at length certain restrictions he faces as a registered sex offender:

> Illinois law requires me to register as a child sex offender for 10 years, beginning within 3 days of my release from prison. Under the Illinois Sex Offender Registration Act and the Illinois Sex Offender Community Notification Act, I will be restricted in where I live, work and associate. The jobs I cannot work are too numerous to list. While registering as a child sex offender in Illinois: I'm obligated under time constraints to personally appear at specific law enforcement offices, profusely, to notify those offices of both permanent and impermanent residence locations/changes, job location/changes, any intention to leave the State and where I intend to go, pay $100 fees regularly, and any additions/changes of my identifying information (such as tag numbers of newly registered vehicles); similar to a prisoner, I suffer a lesser expectation of privacy as a constitutional right due to my obligation to report my identifying information to the public; I'm restricted from associating with unescorted unrelated children in public, from contracting with the State for profit, from changing my name, and even from being present in certain public areas at certain times or under certain variable circumstances. Failure to meet these obligations and/or obey these restrictions, and more, is a felony crime in Illinois.

Pet'r's Facts in Supp. of All Grounds at 4, ECF No. 1, PageID #8. Petitioner contends that, as a result of what he views as an unconstitutional extension of three years to his incarceration, these ten years of mandatory restrictions will also necessarily extend three years beyond the point when they otherwise would have expired. The Court is not convinced Petitioner's exact date calculations are correct, but the premise is sound: if Plaintiff had gotten out of prison three years earlier, his ten-year sex offender registration requirements would expire three years earlier as well. The Supreme Court has held that such restrictions, including restrictions on potential employment, do constitute "collateral consequences" that preclude a case from being considered moot. *See, e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968) (limitations on the types of business in which petitioner can engage stemming from a conviction constitute collateral consequences that render a case not moot).

The Court recognizes its obligations to construe a *pro se habeas* petition liberally. *See, Wyatt v. United States,* 574 F.3d 455, 459 (7th Cir. 2009). As such, it finds that while Lucas failed to use the specific phrase "collateral consequences," he has argued that he may suffer such potential consequences in the future. As such, the Court finds that his Petition is not moot.

## B. Lucas' Petition Is Untimely

While Lucas' Petition may not be moot, it is untimely. Pursuant to 28 U.S.C. § 2244, there is a 1-year statute of limitations for filing an application for a writ of *habeas corpus*. *Id.* § 2244(d)(1). The limitation period runs from the latest of: (1) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was recognized initially by the Supreme Court, if the right has been newly recognized and made applicable retroactively; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(A-D).

Lucas does not allege any facts indicating a state-created impediment to filing his application, nor does he identify a newly recognized and retroactive constitutional right. The statute of limitations for his Petition thus runs from the later of his judgment becoming final by the conclusion of direct review or the date on which the factual predicate could have been discovered. The Court will first examine which scenario provides Lucas with the later accrual date.

As the Respondent points out, the Illinois Court of Appeals affirmed Lucas' conviction and sentence on November 22, 2000. Under Illinois law at that time, Lucas had twenty-one days to file a PLA in the Illinois Supreme Court. *See.* Ill. Sup. Ct. R. 315(b)(West 2000). He failed to do so. The Supreme Court has made it clear that when a *habeas* petitioner chooses not to appeal to a state's highest court, "his judgment became final when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler,* 132 S. Ct. 641, 654 (2012). As such, Lucas' conviction became final on December 13, 2000. Pursuant to § 2244, his *habeas* Petition would thus be due in this Court on December 13, 2001.

Section 2244(d)(1)(D) does not provide Lucas with a later deadline. Lucas states in his Petition that "[i]n January of 2009, I was informed by other IDOC officials that I could never be eligible for parole under Illinois law, and moreover, I was required to serve 3 more years called MSR after serving my full 12 ½ years at 85%." Pet. at 9. Lucas may argue that this revelation should provide him with a later start date to his statute of limitations. Under these circumstances, however, it does not.

As noted earlier, when § 2244(d)(1)(D) applies, the limitations period commences "on the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." *Id.* The Seventh Circuit

has explained that under this provision, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000). It is clear, based on the record before the Court, that the "important facts" were known to Lucas well before 2009. As noted earlier, the trial judge admonished Lucas a decade earlier in April 1999 that "[a]fter you serve the penitentiary sentence, there's something called mandatory supervised release, it's commonly known as parole. And that would be for 3 years." ECF No. 1 at PageID #12-13. Lucas does not contest this, admitting that the court "explained that 3 years of mandatory supervised release [MSR], commonly known as parole, could happen." Pet. at 8.

The postconviction petition Lucas filed just a few months later, in November 1999, also indicates he was aware that an MSR term would follow his sentence. Indeed, in that petition, Lucas attacked Public Act 80-1099 on the grounds that the legislation violated Illinois's single subject rule. *See,* Resp. Ex. E at C000113-14. Specifically, Lucas contended that Public Act 80-1099 was unconstitutional for violating the single subject rule, and that he was sentenced under unconstitutional provisions of the statute. *Id.* Lucas argued that the Act encompassed too many different provisions into a single bill, and cited as an example of an unrelated provision that part of the Act that "modifi[ed] the

- 9 -

length of parole and mandatory supervised release." *Id.* Ex. E at 118. Indeed, Public Act 80-1099 *created* MSR. *See, People v. Anderson,* 838 N.E.2d 978, 979 (Ill. App. Ct. 2005).

In light of the trial judge's admonishment regarding the MSR term, as well Petitioner's challenge just months later of the very legislation that created MSR, the Court concludes that Lucas' contention that he was unaware of important facts until IDOC officials informed him of the MSR term in January 2009 is not likely or credible. Lucas was aware of the important facts regarding his claim as far back as April 1999 and at the latest in November of 1999. Since both of those dates are earlier than when Lucas' conviction became final on December 30, 2000, that date provides the starting date for the one year statute of limitations. *See,* 28 U.S.C. §2244(d)(1).

Lucas' Petition may still be viable if there were either statutory or equitable bases for tolling the statute of limitations. A review of the record, however, shows no such grounds. It is true that 28 U.S.C. § 2244(d)(2) tolls the limitations period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." *Id.* However, the proceedings on Lucas' postconviction petition ended in February 2000 when the Illinois trial court dismissed that petition and Lucas chose not to appeal it. Thus, the relevant state

postconviction proceedings had terminated before Lucas' *habeas* limitation period had even commenced. The state court petition Lucas filed in March 2009 does nothing to help him, either, as by that time the limitations period had been expired for more than seven years. The Seventh Circuit has made it clear that state court proceedings that commence after the *habeas* limitations period do not "reset the federal clock." *De Jesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). "[W]hat [§ 2244(d)(2)] does is *exclude* particular time from the year, not *restart* that year. . . . It follows that a state proceeding that does not begin until the federal year has expired is irrelevant." *Id.* Lucas thus has no statutory basis to toll the limitations period set forth in § 2244.

The Court finds no equitable basis for tolling the statute, either. The Supreme Court has held that § 2244(d) is subject to equitable tolling. *See, Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010). However, "[e]quitable tolling is an extraordinary remedy and so is rarely granted." *Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from filing timely. *Holland,* 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The Court finds that Lucas meets neither requirement for equitable tolling. Lucas cannot be said to have pursued his rights

diligently when he waited years after being admonished of his MSR term to file his petition challenging it. *See, Pace,* 125 S.Ct. at 1815. The Court also sees nothing in the record or Lucas' detailed Petition that would constitute "extraordinary circumstances" for tolling purposes.

The Court thus concludes that, pursuant to § 2244, the limitations period for Lucas to file a *habeas* petition challenging his MSR term was due to be filed in this Court on December 13, 2001, one year after his conviction became final. Lucas' Petition is thus untimely, and as such, the Court dismisses it. Having reached a resolution of the Petition based on its untimeliness, the Court declines to examine or rule with respect to the merits of its arguments.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." U.S.C. § 2254 Cases R. 11. When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness 'debatable.'" *Page v. Anglin,* No. 13 C 4298, 2013 U.S. Dist. LEXIS 162810 at *9-10 (N.D. Ill. Nov. 15, 2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Because the untimeliness of

Lucas' petition is not debatable, a certificate of appealability is denied. *Id.*

### III. CONCLUSION

For the reasons stated herein, the Petition for Writ of *Habeas Corpus* pursuant to § 2254 is denied.

**IT IS SO ORDERED.**

										_____
										Harry D. Leinenweber, Judge
										United States District Court

Date: 3/3/2014